UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00781-CJC(RNBx)                              Date:  May 20, 2013

Title: <u>U.S. BANK NATIONAL ASSOCIATION V. JACOB A. ZEPEDA ET AL.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                              <u>     N/A     </u>
Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

   Plaintiff U.S. Bank N.A. as trustee on behalf of the LXS 2007-4N trust fund ("U.S. Bank") filed this action against Defendants Jacob A. Zepeda, Timothy Lee Hirou, and Nora Regina Hirou on September 17, 2012 in Orange County Superior Court.  The Complaint contains claims for cancellation of instruments, declaratory relief, and quiet title related to the property located at 7 Sundial, Newport Beach, California, 92657.  (Dkt. No. 1 [Notice of Removal] Exh. A [Compl.].)  Pro se Defendants Timothy Lee Hirou and Nora Regina Hirou (together, "the Hirous") removed the action to this Court on the basis of diversity jurisdiction on May 16, 2013.  (Notice of Removal.)

   Whether subject matter jurisdiction exists may be raised by the Court sua sponte at any time.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action.  28 U.S.C. § 1441(b).  A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00781-CJC(RNBx)            Date: May 20, 2013
                                                                              Page 2

jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

       The Court has serious concerns about whether it has jurisdiction over this case. First, it appears that the "forum defendant" rule may apply to bar removal. A civil action based on diversity "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2); *Spencer v. United States Dist. Court*, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal."). The Complaint states that Defendant Zepeda is a resident of California. (Compl. ¶ 2.) If Zepeda has been properly served as a defendant and is a citizen of California, the Court lacks jurisdiction. Further, the citizenship of removing defendants Timothy Lee Hirou and Nora Regina Hirou is unclear. The Complaint avers that the Hirous are residents of California, and the civil cover sheet for this action, which appears to have been completed by Timothy Lee Hirou, indicates that the Hirous are citizens of this state. However, the Notice of Removal states that the Hirous are citizens of Texas.

       Second, 28 U.S.C § 1446 requires that when a civil action is removed from state court, "all defendants who have been properly joined and served must join in or consent to the removal of the action." "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize Inc. v. Matrix Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999). Here, Defendant Zepeda has not joined in the Notice of Removal and the Hirous have failed to explain his absence. Accordingly, the removal notice is facially defective and it is unclear whether this issue can be corrected by amendment.

       The Court therefore orders the Hirous to show cause why this case should not be remanded for lack of subject matter jurisdiction. The Hirous shall file an opposition to the Court's order to show cause by **May 28, 2013**. U.S. Bank shall have until **June 4, 2013** to file a response. This matter will be decided on the papers without any hearing.

jmc

MINUTES FORM 11
CIVIL-GEN                                                                   Initials of Deputy Clerk MU